<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____    :
                               :
SHAWN R. STRADER,              :
                               :
             Plaintiff,        :      Civil No. 10-2641 (RBK)
                               :
        v.                     :
                               :
DAWN M. DUVERNEY, et al.,      :              OPINION
                               :
             Defendants.       :
_____    :
```

**APPEARANCES:**

> SHAWN R. STRADER, Plaintiff <u>pro se</u>
> Salem County Correctional Facility
> 125 Cemetery Rd.
> Woodstown, New Jersey  08098

<u>**KUGLER,** District Judge</u>

Plaintiff Shawn R. Strader, a pretrial detainee confined at Salem County Correctional Facility, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  The Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and, for the reasons expressed below and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), dismiss the Amended Complaint.[1]

---

[1] The Court received Plaintiff's Complaint naming one defendant on May 24, 2010.  Because Plaintiff's application to proceed <u>in forma pauperis</u> was deficient, this Court denied the application and administratively terminated the case on June 3, 2010.  Plaintiff thereafter submitted his prison account statement and an Amended Complaint naming four defendants.  This Court will reopen the file to consider the renewed application to proceed <u>in forma pauperis</u> and to screen the Amended Complaint.

# I.   BACKGROUND

Plaintiff asserts violations of his constitutional rights by New Jersey Superior Court Judge Timothy Farrell, Prosecutor John Lenahan, Deputy Public Defender Dawn Duverney, and Pennsville Township Police Officer Timothy Atkins.  Plaintiff complains that Judge Farrell conspired with Public Defender Duverney to "keep[ him] in jail for absolutely no reason when the Prosecutor returned a ficti[t]ious indictment with no evidence, no physical link to the allege[d] crime nor no knowledge of the state's sole witness depriving [him] of [his] freedom."  (Docket Entry #4, p. 5.)  He asserts that Prosecutor Lenahan "[c]onspired with the Police Department in returning a ficti[t]ious indictment whereas there was not even probable cause for the i[s]suance of the arrest warrant, abusing the grand jury, keeping me in jail with no evidence, depriving me of Due Process and life and liberty under the law."  (Id., p. 7.)  Plaintiff complains that Officer Atkins "violated my 4th Amendment right by filing an arrest warrant (CDR-2 form) without probable cause."  (Id.)

Plaintiff asserts the following facts in his statement of claim.  On October 8, 2009, defendant Atkins prepared a criminal complaint filed by alleged victim Fawn Owens charging Plaintiff with aggravated assault.  Plaintiff alleges that the complaint/warrant was based solely on the statement of Ms. Owens. "The discovery package I did receive only consists of medical

2

records of Fawn E. Owens injuries and a police report from
Timothy Atkins.  There is no evidence of Shawn Strader other than
Fawn E. Owens blurting out the name to the police officer."
(Docket Entry #4, p. 10.)  Plaintiff complains that the matter
was not brought before a court within 72 hours of the filing of
the criminal complaint.  He further alleges that in February
2010, defendant Prosecutor Lenahan obtained an indictment from a
grand jury.  Plaintiff maintains that the indictment violated his
constitutional rights because it was based solely on the hearsay
testimony of defendant Atkins.  He asserts that on March 2, 2010,
he was taken into custody when he appeared for a pre-arraignment
hearing, and on March 15, 2010, he pled not guilty.

Plaintiff contends that his Public Defender, Dawn Duverney,
refused to interview or obtain statements from witnesses
Plaintiff provided.  In addition, Ms. Duverney allegedly withdrew
a motion to dismiss the case on the ground that there is no case
law prohibiting the prosecutor from presenting hearsay to the
grand jury.  Plaintiff states that, although Dawn Duverney was
unable to contact Ms. Owens, the state's sole witness, and the
prosecutor failed to produce a sworn statement from Ms. Owens,
Judge Farrell refused to dismiss the case and refused to rule on
Plaintiff's motion to compel.  Plaintiff asserts that he
successfully obtained new counsel to replace Duverney and that
the trial is scheduled for August 16, 2010.  Plaintiff insists

that "[t]here is some kind of illegal under the record conspiracy going on here in Salem County . . . .  A victim cannot sign a Complaint, arrest warrant (CDR-2) authorizing the defendant to be incarcerated without establishing probable cause and a judicial officer must sign a complaint to establish oath and affirmation." (Docket Entry #4, p. 12.)  Plaintiff seeks the following relief:

> I want the charges against me dismissed and released from jail.  Everyone named in the lawsuit disbarred from practicing law.  The police officer fired for ruining my name, selective prosecuting.  To be compensated 10.6 million dollars for damages, false imprisonment, malicious prosecution, mental anguish, pain and suffering, depriving me of my life and freedom for which they can never replace.

(Docket Entry #4, p. 13.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks

4

even an arguable basis in law" or its factual allegations
describe "fantastic or delusional scenarios." Neitzke v.
Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904
F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United
States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544
(2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the
Supreme Court clarified as follows:

> Two working principles underlie our decision
> in Twombly. First, the tenet that a court
> must accept as true all of the allegations
> contained in a complaint is inapplicable to
> legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by
> mere conclusory statements, do not suffice .
> . . . . Rule 8 marks a notable and generous
> departure from the hyper-technical, code-
> pleading regime of a prior era, but it does
> not unlock the doors of discovery for a
> plaintiff armed with nothing more than
> conclusions. Second, only a complaint that
> states a plausible claim for relief survives
> a motion to dismiss.  Determining whether a
> complaint states a plausible claim for relief
> will . . . be a context-specific task that
> requires the reviewing court to draw on its
> judicial experience and common sense.  But
> where the well-pleaded facts do not permit
> the court to infer more than the mere
> possibility of misconduct, the complaint has
> alleged-but it has not "show[n]"-"that the
> pleader is entitled to relief." Fed. Rule
> Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court
> considering a motion to dismiss can choose to
> begin by identifying pleadings that, because
> they are no more than conclusions, are not
> entitled to the assumption of truth. While
> legal conclusions can provide the framework

5

> of a complaint, they must be supported by
> factual allegations. When there are well-
> pleaded factual allegations, a court should
> assume their veracity and then determine
> whether they plausibly give rise to an
> entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly.   See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).   The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal and Twombly,

> a court must take three steps:  First, the
> court must "tak[e] note of the elements a
> plaintiff must plead to state a claim."
> Iqbal, 129 S. Ct. at 1947.  Second, the court

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> should identify allegations that, "because
> they are no more than conclusions, are not
> entitled to the assumption of truth." <u>Id.</u> at
> 1950.  Finally, "where there are well-pleaded
> factual allegations, a court should assume
> their veracity and then determine whether
> they plausibly give rise to an entitlement
> for relief." <u>Id.</u>

<u>Santiago v. Warminster Township</u>, 629 F. 3d 121, 130 (3d Cir.
2010); <u>see also</u> <u>Fowler</u>, 578 F.3d at 210-11 ("a complaint must do
*more than allege the plaintiff's entitlement to relief.*  A
complaint has to "show" such an entitlement with its facts")
(emphasis supplied).

The Court is mindful that the sufficiency of this <u>pro se</u>
pleading must be construed liberally in favor of the plaintiff,
even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).
With these precepts in mind, the Court will determine whether the
Complaint should be dismissed for failure to state a claim upon
which relief may be granted.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  <u>See</u>
<u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).
"[T]hey have only the power that is authorized by Article III of
the Constitution and the statutes enacted by Congress pursuant
thereto." <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S.
534, 541 (1986).  A district court may exercise original
jurisdiction over "Cases, in Law and Equity, arising under this
Constitution, the Laws of the United States, and Treaties made,

or which shall be made, under their authority."  U.S. Const. art.
III., § 2; <u>see also</u> 28 U.S.C. § 1331.  Specifically, 42 U.S.C. §
1983 authorizes a person to seek redress for a violation of his
or her federal rights by a person who was acting under color of
state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory . . . subjects, or
> causes to be subjected, any citizen of the
> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two
elements:  (1) a person deprived him or caused him to be deprived
of a right secured by the Constitution or laws of the United
States, and (2) the deprivation was done under color of state
law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H.</u>
<u>Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d
1099, 1107 (3d Cir. 1989).

In this case, Plaintiff seeks damages from the Superior
Court Judge who is presiding over his state criminal prosecution.
However, "judges . . . are not liable to civil actions for their
judicial acts, even when such acts are in excess of their
jurisdiction, and are alleged to have been done maliciously or
corruptly."  <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 440 (3d Cir.

2000) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-6 (1978));

<u>see also</u> <u>Capogrosso v. The Supreme Court of New Jersey</u>, 588 F. 3d

180, 184 (3d Cir. 2009).  Plaintiff also sues the prosecutor, but

state prosecutors are absolutely immune from liability under §

1983 for "acts that are 'intimately associated with the judicial

phase of the criminal process,' such as 'initiating a prosecution

and . . . presenting the State's case.'"  <u>Yarris v. County of</u>

<u>Delaware</u>, 465 F. 3d 129, 135 (3d Cir. 2006) (quoting <u>Imbler v.</u>

<u>Pachtman</u>, 424 U.S. 409, 430-31 (1976)).  Because the alleged

wrongdoing by Judge Farrell and prosecutor Lenahan consists of

acts relating to Plaintiff's state indictment and criminal

prosecution, the damage claims against these defendants will be

dismissed with prejudice on the ground of absolute immunity.

To the extent that Plaintiff seeks dismissal of the state

criminal charges and release from pretrial detention, those

claims will be dismissed because such relief is not available

under § 1983 and can only be obtained via a writ of habeas corpus

after Plaintiff has exhausted available state judicial remedies.

<u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>Preiser v. Rodriquez</u>,

411 U.S. 475, 500 (1973); <u>Vasquez v. Dwyer</u>, 377 Fed. App'x 225,

226 (3d Cir. 2010).

Plaintiff further claims that Public Defender Duverney

violated his constitutional rights under § 1983 by "conspir[ing]

with the judge and prosecutor keeping me incarcerated for no

reason.  She failed to file any pretrial motion and failed to adequately represent me."  (Docket Entry #4, p. 6.)  Plaintiff believes that "[t]here is some kind of illegal under the record conspiracy going on here in Salem County."  (Id., p. 12.) Assuming without deciding that these allegations could state a § 1983 claim against Duverney,[3] the claim fails because Plaintiff has not asserted facts substantiating his conclusion that Duverney conspired with the Judge and Prosecutor.  See Twombly, 550 U.S. at 556-57 (holding that, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F. 3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred"); Capogrosso, 588 F. 3d at 184, 185 (because a "'judicial conspiracy' claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal," claim based on allegations that "Judge Fast interacted with Judge Iglesias after

_____

[3] See Tower v. Glover, 467 U.S. 914 (1984) (allegation that public defenders violated § 1983 by conspiring with judges and prosecutors to obtain plaintiff's conviction satisfies state action requirement and public defender is not entitled to absolute immunity).

10

presumably hearing her discuss her case in a hallway, and that Judge Iglesias' subsequent adverse ruling gives rise to an inference of conspiratorial conduct" was properly dismissed with prejudice).

Plaintiff further complains that he was denied his constitutional right to a probable cause hearing within 72 hours of arrest and incarceration, and that Police Officer Atkins lacked probable cause because the only evidence of a crime he had was the statement of the victim which identified Plaintiff.  To be sure, the Fourth Amendment requires probable cause for an arrest and requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. See Gerstein v. Pugh, 420 U.S. 103, 114 (1975).  However, Plaintiff asserts in the Amended Complaint that he was indicted in February 2010 and he was taken into custody on March 2, 2010, when he appeared in the Superior Court.  (Docket Entry #4 at p. 9.)  An indictment "returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry.[4] Gerstein, 420 U.S. at 118 n.19 (citation and internal quotation

_____

[4] New Jersey Court Rule 3:4-3(a) provides: "If the defendant does not waive a hearing as to probable cause and if before the hearing an indictment has not been returned against the defendant with respect to the offense charged . . . , a judge of the Superior Court shall hear the evidence offered by the State within a reasonable time and the defendant may cross-examine witnesses offered by the State."  N.J. Ct. R. 3:4-3(a).

marks omitted); see also Giordenello v. United States, 357 U.S. 480, 487 (1958) ("A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged.  Here, in the absence of an indictment, the issue of probable cause had to be determined by [a judge]"); United States v. Contreras, 776 F. 2d 51, 54 (2nd Cir. 1985) ("the return of an indictment eliminates the need for a preliminary examination at which a probable cause finding is made by a judicial officer").  Accordingly, Plaintiff's § 1983 claims based on failure to conduct a probable cause hearing and detention without probable cause will be dismissed for failure to state a claim upon which relief can be granted.[5]

---

[5] To the extent that this Court misconstrued Plaintiff's allegation and he was in fact arrested prior to the indictment, the Amended Complaint still does not assert a Fourth Amendment claim.  See Sharrar v. Felsing, 128 F. 3d 810, 818 (3d Cir. 1997) ("When a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest").  Plaintiff has asserted no facts indicating that, at the time of the arrest, Officer Atkins was aware of substantial evidence of Owens's unreliability; accordingly, Owens' statement identifying Plaintiff as her assailant by name would have provided probable cause for Plaintiff's arrest and detention prior to his indictment.  See Wilson v. Russo, 212 F. 3d 781, 790 (3d Cir. 2000) ("Independent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist").

As Plaintiff has amended the Complaint once and it does not appear to this Court that Plaintiff would be able to cure the deficiencies in the Amended Complaint by repleading, the dismissal of the Amended Complaint will be with prejudice.[6]  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

---

[6] However, if this Court has misconstrued Plaintiff's allegations and Plaintiff believes he can assert facts showing that he is entitled to relief with respect to his arrest and criminal prosecution under § 1983, then he may file a motion to file a second amended complaint.  This Court notes that Plaintiff has submitted two letters to the Clerk regarding events that allegedly occurred at the jail.  Plaintiff states that the criminal charges regarding Ms. Owens were dismissed on August 27, 2010, new charges were filed against him for allegedly assaulting a corrections officer on July 16, 2010 (even though the corrections officers beat him up while he was on suicide watch), and the jail has not provided paper or adequate access to a law library.  (Docket Entry Nos. 6, 7.)  As these new allegations are unrelated to the allegations in the instant case and involve different defendants, federal claims regarding these new allegations and defendants cannot be raised in a second amended complaint in this action.  See Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if:  (A) any right is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action").  The docket indicates that the Clerk appropriately sent Plaintiff civil rights complaint forms which he may use is he seeks to assert federal claims regarding incidents at the jail.

13

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint with prejudice.


s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:   March 23  , 2011

14